The Supreme Court reversed the order of the Quarter Sessions on March 30th, 1885, in the following opinion, per:
'Gordon, J.
Under the 4th section of the Act of the 30th of March, 1859, 'P. Laws 309, the power of granting re-views, on the laying •out of a public road, may be exercised at the discretion of the Court of Quarter Sessions, and in this it differs from the Act -of 1836, by the provisions of which a re-view is a matter of right. So, also, the former differs from the latter in this, that In the first no time is prescribed when the application for a review must be made, whilst by the second such application must Fe made before the next term after filing the report of the view. Admittedly, however, no re-view can be had after the confirmation of the report, and as the Act of 1859 prescribes no method for the vacation of a road, we must resort to the Act •of 1836 for the process by which such vacation may be accomplished. Now, in the case in hand, the petition to vacate, of the yth of May, 1884, having been filed before the final confirmation of the report of the viewers, was, of course, good for noth *179 ing. But the Court undertook to correct this defect by striking off the confirmation and treating the petition as a petition for review. That the Court might, for proper cause shown, have annulled its decree, cannot be questioned, for such power belongs to all Courts. But we cannot agree that, in this case, the cause .shown was sufficient. That decree was made neither through fraud nor by mistake, and proceedings leading to it were regular. The only allegation is that the petitioners made the mistake of supposing there was a final confirmation of the report, when in fact there was but a confirmation nisi. But this was a mistake neither of the petitioners for the view nor of the Court. What had the Court to do with a mistake such as this ? And why, under the circumstances, should it interfere to correct an error of this kind ? The re-view is, at best, ex gratia, and that the petitioners, through their blunder, failed to secure the opportunity of appealing to the discretion of the Court, involved the loss of no absolute right, and hence results no serious consequence. Nor are these parties left without remedy, for they may have a view for the purposes of vacation, under the Act oi 1836, as soon as the road has been opened, or even before such opening, if they can persuade a majority of the original petitioners to join with them in their petition for such vacation. But as the record now stands, and that is that to which we must look, we see nothing which warranted the Quarter Sessions in annulling its decree of confirmation and ordering a re-view.
The order of the Court below, striking off the confirmation of the report of viewers and appointing re-viewers, is now reversed and set aside, and the said confirmation is restored.